**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4411**

_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

JERMAINE LONNIE BAINES,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:13-cr-00255-NCT-2)

_____

Submitted: December 10, 2014      Decided: January 27, 2015

_____

Before DUNCAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Sarah Jessica Farber, FARBER LAW FIRM, Raleigh, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Lonnie Baines pled guilty pursuant to a plea agreement to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012), and possession of firearms in furtherance of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i) (2012). The district court calculated Baines' Guidelines range at 262 to 327 months' imprisonment, U.S. Sentencing Guidelines Manual (2013), and sentenced Baines to a total prison term of 262 months' imprisonment.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court abused its discretion in imposing sentence. Baines has filed a pro se supplemental brief in which he challenges the district court's calculation of his Guidelines range and the effectiveness of trial counsel's assistance. The Government declined to file a brief. We affirm.

We review Baines' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining

2

procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within or below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and heard allocution from Baines. The court explained that the within-Guidelines sentence was warranted in light of the nature and circumstances of Baines' offense conduct and his history and characteristics. 18 U.S.C. § 3553(a)(1). We reject as without merit counsel's argument that the 262-month sentence is substantively unreasonable in light of Baines'

personal, health, and offense circumstances and the district court's alleged failure to afford "enough weight" to the role Government agents played in Baines' offense conduct because it essentially asks this court to substitute its judgment for that of the district court. While this court may have weighed the § 3553(a) factors differently had it imposed sentence in the first instance, we defer to the district court's decision that a 262-month sentence achieved the purposes of sentencing in Baines' case. See Gall, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed); United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole). In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), Baines fails to overcome the presumption that his Guidelines sentence is substantively reasonable.

In his pro se supplemental brief, Baines also claims that trial counsel rendered ineffective assistance. After

4

review of the record, we find this claim inappropriate for resolution on direct appeal. Because the record does not conclusively establish ineffectiveness of counsel, Baines must assert such a claim, if at all, in a motion pursuant to 28 U.S.C § 2255 (2012). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Finally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Baines, in writing, of the right to petition the Supreme Court of the United States for further review. If Baines requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baines.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED